**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**SARAH ADAMS,**

                **Plaintiff,**

**-vs-**                                           **Case No. 6:11-cv-460-Orl-31DAB**

**CASUAL RESTAURANT CONCEPTS,**
**INC.,**

                **Defendant.**
_____

## ORDER and REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

       This matter has been referred to the undersigned for a Report and Recommendation as to whether the settlement is a fair and reasonable resolution of a bona fide dispute in this Fair Labor Standards Act case. The parties have filed a motion to approve the settlement, in which they state that "defendant would pay plaintiff $1,282.60, which both parties agree constitutes full relief of plaintiff's disputed claim" (Doc. No. 17). While full recompense is *per se* fair and reasonable, this is so only in cases where the Plaintiff's recovery is not eroded by attorney's fees and costs. Although the motion also notes that counsel will receive from Defendant a sum for costs and fees, it is not clear if additionally fees or costs will be sought from *Plaintiff*, pursuant to a fee agreement between counsel and his client.

       Therefore, the parties are ordered to clarify, within **seven days** of the date of this Order, whether Plaintiff *nets* full recompense for her claim, or whether counsel is being additionally compensated out of Plaintiff's recovery. To the extent Plaintiff is obligated to pay any attorney's fees out of her recovery, the parties shall file the details of the final compensation Plaintiff will receive

under the settlement and after all fees and costs, as well as evidentiary support for the total attorney's fee claimed, and the Court will proceed with the required fairness review.  If counsel certifies that he is not seeking any compensation from Plaintiff, it is **respectfully recommended** that the motion to approve the settlement be **granted,** as there is no "compromise" to review.[1]

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on June 16, 2011.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy

---

[1] According to Plaintiff's sworn answers to Interrogatories, Plaintiff was a server at a restaurant from July 2009 through February 2010, and claims that she worked 14.47 hours overtime (Doc. No. 14).  It is not clear whether this is per week or total over the employment.  Plaintiff asserts a regular rate of pay of $4.19 plus tips, and claims unpaid minimum wages of $483.94 (plus the same amount in liquidated damages, for a total of $967.88) and unpaid overtime of $157.36 (plus liquidated damages, for a total of $314.72).  The settlement agreement reflects that Defendant will pay Plaintiff $641.30 for "back wages" and $641.30 for "liquidated damages." (Doc. No. 17-1).  Plaintiff's counsel is to receive $2,967.40 for attorney's fees and costs of litigation.  *Id.*  As is clear, Plaintiff's recovery equals the total amount of her combined claims.